# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DONALD REESE KINSLOW**                                           **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO. 4:09CV111 TSL-LRA**

**RON KING AND ATTORNEY GENERAL**
**OF THE STATE OF MISSISSIPPI**                                      **RESPONDENTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the [10] Motion to Dismiss filed by Ron King and the Attorney General of the State of Mississippi [hereinafter Respondents]. Respondents move this Court to dismiss the [1] Petition for Writ of Habeas Corpus of Donald Reese Kinslow [hereinafter Petitioner]. Respondent argues that Petitioner has failed to exhaust his state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Having carefully considered all briefing on the matter and all the applicable law, the Undersigned hereby recommends as follows:

## Facts and Procedural History

Petitioner pled guilty to the sale of cocaine within 1500 feet of a church in the Circuit Court of Wayne County, Mississippi. (Exhibit A to Respondents' Motion to Dismiss).[1] The indictment charged Petitioner with violating Miss. Code Ann §§41-29-139 and 41-29-142. He was sentenced to fifteen (15) years in the custody of the Mississippi Department of Corrections (MDOC) on November 12,

---

[1] Unless otherwise indicated, all exhibits reference the exhibits to Respondent's pleadings.

2003. Petitioner has not filed a motion for post-conviction relief in state court, and the records reflect he currently has a complaint pending in the Second Step of the Administrative Remedy Program at MDOC.

On August 10, 2009, Petitioner filed his [1] Petition for Writ of Habeas Corpus, raising the following as the sole ground (as stated by Petitioner):

> Ground One-Correction of Time (Earn Time) – Is that I'm a non-violence offender serving time for sale of controlled substance which has never been made into law. Plus, I was giving an enhancement portion of sentence without supporting facts to support the charge or enhancement portion of said offense which preventing Mr. Kinslow from been able to receive the privilege that one is allowed or as non-violence offender would be able to obtain in serving offense with the Miss. Dept. Of Correction as a non-violence offender. . .

See [1] Petition for Writ of Habeas Corpus, p. 5. Petitioner, in his initial petition, requested this Court correct his earned time and the enhancement portion of his sentence.

By Order of this Court, dated August 26, 2009, Petitioner was directed to clarify the facts surrounding his claim that he received an enhanced sentence and how it merits habeas relief. Petitioner was also instructed to clarify how his loss of denial of earned time credits entitles him to habeas relief. In response to the Court's Order, Petitioner failed to elaborate on his claim that his loss or denial or earned time credits violated his constitutional rights. Instead, Petitioner focused on his claim that MDOC has erroneously classified him as an enhanced offender,

insisting that the sentencing order did not contain the enhancement statute and if he "was convicted and sentenced to 15 years, the penalty would be doubled to 30 years if enhanced."[2] (See Petitioner's [4] Response to Order). The crux of Petitioner's claim is that but for his mistaken classification as an enhanced offender, he would be eligible for parole because Mississippi's parole statute was amended in 2008.

With Petitioner's claims having now been somewhat clarified, Respondents filed the instant motion requesting Petitioner's habeas petition be dismissed for lack of merit, or in the alternative, Respondents request the petition be dismissed for failure to exhaust available state court remedies.

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], 28 U.S.C. §2254, as amended, which provides in relevant part:

---

[2] Although it is unclear, Petitioner appears to be referring to the sentencing provision of Miss. Code Ann. § 49-29-139(b)(1), and the enhanced penalty provision of Miss. Code Ann. § 41-29-142.

Miss. Code Ann. § 41-29-142(1)(Rev. 2009) states in relevant part: "[a]ny person who violates or conspires to violate [s]ection 41-29-139(a)(1) ... by selling... [or] transferring... a controlled substance, ... within ...(1,500) fee of ... any church ... may be punished by a term of imprisonment or a fine, or both, of *up to twice* that authorized by [s]ection 41-29-139(b)." (Emphasis added).

Miss. Code Ann. § 41-29-139(b)(1)(Rev. 2009) provides that a person convicted of selling cocaine, may be imprisoned for not more than thirty years.

Petitioners appears to believe that if he was sentenced under the enhanced penalty provision, the trial court would have doubled his sentence from (15) fifteen years to thirty(30) years. Not only does this argument overlook the fact that sentencing is within the sound discretion of the trial judge, it has no basis in the law or the facts, as discussed herein.

3

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)
>>> (i) there is an absence of available State corrective process; or
>>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Applicants seeking federal habeas relief under § 2254 are "required to exhaust all claims in state court prior to requesting federal collateral relief." **Fisher v. Texas**, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement of §2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." **Nobles v. Johnson**, 127 F.3d 409, 420 (5th Cir. 1997). *See also* **Kunkle v. Dretke**, 353 F.3d 980 (5th Cir. 2003) *citing* **Graham v. Johnson**, 94 F.3d 958, 968 (5th Cir. 1996) (a habeas petitioner fails to exhaust "when he presents material additional evidentiary support to the federal court that was not presented to the state court.") A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable

4

right to federal habeas relief under Section 2254.  See **Murphy v. Johnson**, 110 F.3d 10, 11 (5th Cir. 1997).

As support for their argument that Petitioner has failed to exhaust available state court remedies, Respondents cite Petitioner's failure to file a motion for post conviction relief challenging his classification as an enhanced offender and parole eligibility.  Respondents also point out that Petitioner has a complaint pending in the Second Step of MDOC'S Administrative Remedy Program (ARP), in which he requests that his sentence be changed to a non-enhanced sentence and that he be allowed to be eligible for parole.  (Exhibit D)   To satisfy AEDPA's exhaustion requirement, Respondents submit that Petitioner should pursue this claim through the three (3) step ARP process, and upon completion of the program and receipt of the appropriate certificate, within thirty (30) days, Petitioner may appeal the ruling to the circuit court and to the Mississippi Supreme Court.  See, e.g. **Horton v. Epps**, 966 So.  2d 839 (Miss.  App.  2007).

Notwithstanding Petitioner's failure to comply with AEDPA exhaustion requirements,  Respondents request the petition be denied on the merits. In support, Respondents point out that, in accordance with the terms of his indictment, which charged Petitioner with selling cocaine in  violation of Miss. Code Ann. §41-29-139, Petitioner was convicted and sentenced under the enhanced penalty provision of Miss. Code Ann. §41-29-142,  for selling a controlled substance within 1500 feet of a church.[3]   Petitioner's claim, therefore,

---

[3] The indictment reflects that the State also sought sentencing pursuant to Miss. Code Ann. §99-19-83.

5

that he was never sentenced as an enhanced offender, or that MDOC improperly classified him as an enhanced offender, is without merit, and should be dismissed in accordance with 28 U.S.C. § 2254(b)(2).

Although Mississippi's parole statute was amended in 2008, the statute did not change the parole eligibility for offenders who are serving time for a felony with an enhanced penalty. See Miss. Code Ann. §47-7-3 (1)(g).[4] To the contrary, at the time of Petitioner's crimes and convictions, Mississippi's parole statute provided that offenders serving time with an enhanced penalty do not qualify as "non-violent" offenders and, are therefore, not eligible for parole. Accordingly, Respondents submit this claim is also without merit and should be dismissed in accordance with 28 U.S.C. §2254(b)(2).

Because Petitioner has failed to give the state's highest court an opportunity to review these claims, by exhausting the ARP process and pursing a motion for

---

[4] Mississippi Code Section 47-7-3 provides, in pertinent part:

> No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph.

The state goes on to define nonviolent crime to mean a "felony other than homicide, robbery, manslaughter, sex crimes, arson, burglary of an occupied dwelling, aggravated assault, kidnaping, felonious abuse of vulnerable adults, **felonies with enhanced penalties**, the sale or manufacture of a controlled substance under the Uniform Controlled Substances law, felony child abuse, or exploitation or any crime under Section 97-5-33 or Section 97-6-39 (2) or 97-5-39(1)(b), 97-5-39(1)(c) or a violation of Section 63-11-30(5)." Miss. Code Ann. §47-7-3(1)(g)(Rev. 2004) (Emphasis added).

6

post-conviction relief, he is precluded from federal habeas review.  It is only after Petitioner pursues his state court remedies fully, can he be said to have fairly presented his claims to the state's highest court in a procedurally proper manner in satisfaction of the exhaustion requirement.

For the reasons explained herein, the Undersigned concludes Petitioner is not entitled to habeas relief.  As to Respondent's request in the alternative to dismiss the petition for lack of merit with prejudice, the Undersigned declines to rule on the merits.

It is  therefore the recommendation of the Undersigned United States Magistrate Judge that the Motion to Dismiss should be granted in part, and Petitioner's habeas petition should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed.  R.  Civ.  P.  72(b)(as amended, effective December 1, 2009).

This the 5th day of August 2010.

                                                     S/Linda R. Anderson
                                         UNITED STATES MAGISTRATE JUDGE